# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| AMERICAN POWER, LLC, | : | Case No. 3:17-cv-00347 |
|---|---|---|
| Plaintiff, | : | |
| | : | District Judge Walter H. Rice |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| | : | |
| DOUGLAS O. HARRIS, *et al.* | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff American Power, LLC brings this action seeking to impose liability on Defendants Michael T. Morley, Scott Larson, and others for purported violations of the Securities Exchange Act of 1934 and state common law. The case is presently before the Court upon Morley's and Larson's Motions to Dismiss (Doc. #s 21, 22), Plaintiff's Memoranda in Opposition (Doc. #s 34, 35), and the record as a whole.

Both Morley and Larson contend that this Court lacks personal jurisdiction over them under Ohio's long-arm statute and the Fourteenth Amendment's Due Process Clause. Plaintiff asserts that this Court has personal jurisdiction over Defendants under 15 U.S.C. § 78aa.

Plaintiff's Complaint alleges the following basic information about Defendants Morley and Larson. Morley is a Member-Manager of two other Defendants–Dektrix

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

LLC and Dektrix Transportation Services LLC (Dektrix Transportation). Morley's personal residence is in Spanish Fork, Utah. He is a citizen of Utah. (Doc. #1, ¶ 16). Defendant Larson is the Comptroller, employee, and/or agent of Dektrix LLC and Dektrix Transportation. Larson's personal residence is in Midvale, Utah. He is a citizen of Utah. *Id.* at ¶ 17.

The principal office apparently shared by Dektrix LLC and Dektrix Transportation is in Salt Lake City, Utah. Dektrix LLC is incorporated in the State of Nevada; Dektrix Transportation is incorporated in the State of Utah. *Id*. at ¶s 11-12.

Plaintiff has the burden to establish that this Court may exercise personal jurisdiction over "each Defendant independently." *Days Inns Worldwide, Inc. v. Patel,* 445 F.3d 899, 904 (6th Cir. 2006) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174 (1985)); *see CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1261-62 (6th Cir. 1996). No evidentiary hearing was held on Defendants Morley's and Larson's Motions and, as a result, Plaintiff "need only make a prima facie showing of jurisdiction." *Patterson,* 89 F.3d 1262; *see Neogen Corp. v. Neo Gen Screening, Inc*., 282 F.3d 883, 887 (6th 2002). "Under these circumstances, th[e] court will not consider facts proffered by the defendant that conflict with those offered by the plaintiff and will construe the facts in the light most favorable to the nonmoving party [here, Plaintiff]…." *Neogen Corp*., 282 F.3d at 887 (internal citation omitted); *see Beydoun v. Wataniya Restaurants Holding, Q.S.C*., 768 F.3d 499, 504 (6th Cir. 2014).

Defendants Morley and Larson mistakenly rely on Ohio's long-arm statute and the Fourteenth Amendment's Due Process Clause because Plaintiff's Complaint asserts that

2

they violated §§ 10(b) and 20(a) of the Securities Exchange Act and accompanying Rules. (Doc. #1, *PageID* #s 24-28). "Nationwide service of process is available under Section 78aa of the Securities Exchange Act, which 'confers personal jurisdiction in any federal district court over any defendant with minimum contacts to the United States.'" *Zobel v. Contech Enters.*, 170 F. Supp. 3d 1041, 1045 (S.D. Ohio 2016) (quoting *United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320, 1330 (6th Cir. 1993)). Plaintiff's Complaint sufficiently alleges that both Morley and Larson reside in Utah and both are citizens of the State of Utah. They, therefore, have minimum contacts with the United States, triggering this Court's proper exercise of personal jurisdiction over them. *See id.*

Defendant Morley also maintains that Plaintiff's claims against him should be dismissed for failing to state claims against him that satisfy Fed. R. Civ. P. 8, 12(b)(6), and 9(b). He incorporates by reference the arguments and authorities pressed by Dektrix LLC and the other Dektrix Defendants in their separately filed Motion to Dismiss. He also argues:

> Plaintiff's conclusory and group-pled allegations that the individual Defendants 'acted as controlling persons for Dektrix' ([Doc. #1,] ¶ 86) are belied by detailed factual allegations to the contrary. Specifically, the MPA [Membership Purchase Agreement] which Plaintiff incorporated into the Complaint clearly states that only Defendants Harris and Crane are managing members of Dektrix LLC. *See* Doc. 1-1, p. 89-114 at p. 97.[2] And there is no allegation supporting

---

[2] This maladroit citation is unhelpful because it does not identify "PageID #s" in the record and because the page numbers it cites do not match the page numbers of the Membership Purchase Agreement or its location in the record. Having reviewed the entire Membership Purchase Agreement for references to Morley and his position with Dektrix LLC, it appears that he relies on his signature as "Michael T. Morley, Member" as support for his argument that only Crane and Harris were member managers. *See* Doc. #1, *PageID* #172.

any reason to believe otherwise. Certainly there is no factual allegation supporting Plaintiff's conclusory allegation.

(Doc. #21, *PageID* # 286) (footnote added). These contentions lack merit.

Accepting as true the factual allegations raised in Plaintiff's Complaint and construing it "in the light most favorable to Plaintiff…," *Doshi v. General Cable Corporation*, 823 F.3d 1032, 1039 (6th Cir. 2016); *see Frank v. Dana Corp*., 646 F.3d 954, 958 (6th Cir. 2011), reveals repeated allegations that Defendant Morley is a member-manager of Dektrix LLC and Dektrix Transportation. *See* Doc. #1, ¶s 8, 16, 18. Dektrix LLC's Private Placement Memorandum attached to the Complaint provides details about Morley's management role and authority. It states:

> Management    The Company [Dektrix LLC] is managed by a Board of Managers (the '**Board**'). As of the dates of this Memorandum, the Board is comprised of Murray J. Crane, Douglas O. Harris and Michael T. Morley….

(Doc. #1, *PageID* #50 (emphasis in original)).

Although Morley signed the Membership Purchase Agreement as a "member" of Dektrix LLC (this apparently what Morley's argument and maladroit citation refer to, *see supra*, n.2), this does not alter the fact that Dektrix LLC's Private Placement Memorandum listed him as a member of its Board of Managers. The Private Placement Memorandum later explains the broad-sweeping duties held by Dektrix LLC's Board of Managers—including Morley:

> [Dektrix LLC] is managed by a board of managers (the "Board"). As of the date of this Memorandum, the Board consisted [sic] of Murray J. Crane and Michael T. Morley. The Board has the exclusive management and control of all aspects of the business of [Dektrix LLC]. In the course of its

4

management, the Board may, in its absolute discretion, acquire, hold title to, sell, re-lease or otherwise dispose of equipment and interests therein when and upon such terms as it determines to be in the best interest of [Dektrix LLC]….

*Id*. at 84.

Read together and construed in Plaintiff's favor, the Complaint and the Private Placement Memorandum contain specific and cogent information that rises above mere conclusory allegations. Since, according to these materials, Morley was on Dektrix LLC's Board of Directors—which had broad-sweeping management power—Morley held a managerial role and some managerial control over Dektrix. The fact that he minimized or downplayed his role and control by signing the Membership Purchase Agreement as a "Member" does not erase the fact he was on the Board of Directors and held the managerial power attached to such incumbency. *Id*. at 172.

Accordingly, Defendant Morley's and Larson's Motions to Dismiss lack merit.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Morley's Motion to Dismiss (Doc. #21) be denied; and
2. Defendant Larson's Motion to Dismiss (Doc. #22) be denied.


August 2, 2018                                         *s/Sharon L. Ovington*
                                                                             Sharon L. Ovington
                                                                             United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).