UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| AMERICAN POWER, LLC, | |
| Plaintiff, | Case No. 3:17-cv-347 |
| vs. | |
| DOUGLAS O. HARRIS, *et al.*, | District Judge Michael J. Newman |
| | Magistrate Judge Sharon L. Ovington |
| Defendants. | |
| | |
| DEXTRIX, LLC, | |
| Plaintiff, | Case No. 3:21-cv-21 |
| vs. | |
| ADIL BAGUIROV, *et al.*, | District Judge Michael J. Newman |
| | Magistrate Judge Sharon L. Ovington |
| Defendants. | |

---

**ORDER DENYING WITHOUT PREJUDICE TO REFILE DEFENDANTS' TWO MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (CASE NO. 3:17-CV-347, DOC. NO. 86; AND CASE NO. 3:21-CV-21, DOC. NO. 6)**

---

These consolidated cases are before the Court upon Defendants Fontaine Engineered Products, Inc.; Marmon Highway Technologies LLC; Kelly Dier; Henry Prochazka; and Berkley Buchanan's joint motion to dismiss Plaintiff's first amended complaint (Case No. 3:17-cv-347, Doc. No. 86), and the parties' related memoranda (Doc. Nos. 88, 92). Also before the Court is Defendants Adil Baguirov, Islom Shakhbandarov, and American Power LLC's joint motion to dismiss (Case No. 3:21-cv-21, Doc. No. 6), and the parties' related memoranda (Doc. No. 10 and, in Case No. 3:17-cv-347, Doc. No. 87). Both pending motions seek dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**I.**

Rule 12(b)(6), like all other Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

A motion to dismiss filed pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff must satisfy the basic pleading requirements set forth in Rule 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief." ' " *Id.* (quoting *Twombly,* 550 U.S. at 557). In considering whether the facial plausibility standard is met, the court must view the complaint in the light most favorable to the plaintiff, accepting as true all allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Kaminski v. Coulter*, 865 F.3d 339, 344 (6th Cir. 2017).

**II.**

Having carefully and thoroughly considered the documents at issue along with the procedural posture of this case, the Court believes the efficient and appropriate way forward is to

permit discovery to occur and consider the parties' arguments on summary judgment, not earlier at the motion-to-dismiss phase of the litigation. Proceeding in this manner will ensure the Court reviews these arguments only after appropriate discovery has been completed, and will thus serve to guarantee that the Court's consideration of the parties' arguments is not premature. *Cf. Humphreys v. Bank of Am.,* 557 F.App'x 416, 422 (6th Cir. 2014); *Grose v. Caruso,* 284 F.App'x 279, 284 (6th Cir. 2008) (Gibbons, J., concurring); *Nuchols v. Berrong,* 141 F.App'x 451, 453 (6th Cir. 2005); *LRL Prop. v. Portage Metro Housing Auth.,* 55 F.3d 1097, 1113 (6th Cir. 1995) (Jones, J., dissenting).

### III.

Accordingly, the two pending motions to dismiss are **BOTH DENIED WITHOUT PREJUDICE.** The Court anticipates reviewing Defendants' arguments on summary judgment following the completion of discovery.

**IT IS SO ORDERED.**

July 14, 2021                                       s/Michael J. Newman
                                                    Hon. Michael J. Newman
                                                    United States District Judge