UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| AMERICAN POWER, LLC, | Case No. 3:17-cv-347 |
| | Case No. 3:21-cv-21 |
| Plaintiff, | |
| | CONSOLIDATED |
| vs. | |
| | |
| DOUGLAS O. HARRIS, *et al.*, | District Judge Michael J. Newman |
| | Magistrate Judge Peter B. Silvain, Jr. |
| Defendants. | |
| | |
| DEKTRIX, LLC | |
| | |
| Plaintiff, | |
| | |
| v. | |
| | |
| AMERICAN POWER, *et al.* | |
| | |
| Defendants. | |

**ORDER: (1) DENYING CROSS-CLAIMANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 208); (2) DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. No. 210); (3) DENYING PLAINTIFF'S MOTION TO AMEND (Doc. No. 202); AND (4) SCHEDULING A TELEPHONE STATUS CONFERENCE FOR AUGUST 19, 2024 AT 3:00 P.M.**

This civil case is before the Court on two motions for summary judgment.[1] Cross-claimant Dektrix, LLC filed a motion for summary judgment pursuant to its claim for breach of contract in Case No. 3:21-cv-21 (consolidated with the instant case). Doc. No. 208. Cross-

---

[1] The parties have engaged in lengthy discovery and mediation efforts. The case was referred to United States Magistrate Judge Mark R. Abel for the limited purpose of mediation on December 9, 2021. *See* Doc. No. 102. Mediation ultimately took place with United States Magistrate Judge Terence P. Kemp on March 2, 2022 (*see* Docket Entry dated March 2, 2022). The parties were unable to reach an agreement or settlement on the remaining claims through the mediation proceeding.

defendant American Power, LLC ("AMP") filed a memorandum in opposition (Doc. No. 224), to which Dektrix replied (Doc. No. 228), and AMP filed a sur-reply with leave of Court (Doc. No. 231). Also pending is Defendants' motion for summary judgment as to the remaining allegations against them (Doc. No. 210), to which Plaintiff AMP filed a memorandum in opposition (Doc. No. 223), Defendants replied (Doc. No. 227), and AMP filed a sur-reply, also with leave of Court (Doc. No. 230). Thus, these motions are ripe for review.

## I.     Facts

A thorough and complete recitation of the underlying facts of this case was included in the Court's previous Order and Entry regarding the Report and Recommendation of United States Magistrate Judge Sharon L. Ovington (Doc. No. 43) and is hereby incorporated by reference. *See* Doc. No. 71 at PageID 882-97.

The remaining Defendants in this case are: Dektrix, LLC; Dektrix Transportation Services, LLC; Dektrix Intermodal, LLC; Douglas Harris; Murray Crane; and Michael Morley (collectively the "Dektrix Defendants"). In its amended complaint, AMP alleges: (1) violations of Section 10(b) of the Exchange Act and Rule 10(b)(5) promulgated thereunder; (2) violations of Section 20(a) of the Exchange Act; (3) violations of Section 15 of the Securities Act; (4) common law fraud; (5) breach of fiduciary duty; and (6) unjust enrichment. Doc. No. 76 at PageID 988-98. Dektrix, LLC has also filed a crossclaim against AMP and its principals, Adil Baguirov and Islom Shakhbandarov (collectively "AMP"), alleging breach of contract. *See* Case No. 3:21-cv-21, Doc. No. 1.

## II.     Legal Standard

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue of material fact and that the movant is entitled

2

to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex*, 477 U.S. at 323; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed. R. Civ. P. 56(c)(1)(A) and (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "[t]he non-moving party . . . may not rest upon [his or her] mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citations omitted).

Additionally, "there is no duty imposed upon the trial court to 'search the entire record to establish that it is bereft of a genuine issue of material fact.'" *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992) (citations omitted). Instead, "the free-ranging search for supporting facts is a task for which attorneys in the case are equipped and for which courts generally are not." *Id.* at 406.

### III.     Analysis

**1.  Cross-Plaintiff's Motion for Summary Judgment**

Under Utah[2] law, which applies here, the elements of a breach of contract claim are: "(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages." *Columbia Cas. Co. v. SMI Liquidating, Inc.*, 909 F. Supp. 2d 1303, 1319 (D. Utah 2012) (citation omitted).

The parties disagree as to whether the MPA, and the subsequent addendum ("Addendum B") executed on December 5, 2016, and January 15, 2017, respectively, constituted a binding contract, or merely an option. *See* Doc. Nos. 208, 224. Under Utah contract law, an option is "a continuing offer, supported by consideration, which the promisor is bound to keep open." *Coulter & Smith, Ltd. v. Russell*, 966 P.2d 852, 859 (Utah 1998) (citations omitted). Options have two elements: "(1) an offer to sell, which does not become a contract until accepted; and (2) a contract to leave the offer open for a specified time." *Id.* (citations omitted).

To determine whether a breach exists, the Court first must determine if Addendum B of the MPA constitutes a legally enforceable contract, or merely an option. "The underlying purpose in construing or interpreting a contract is to ascertain the intentions of the parties to the contract." *WebBank v. Am. Gen. Annuity Serv. Corp.*, 54 P.3d 1139, 1144 (Utah 2002) (citations omitted). To do so, the Court must "look to the writing itself to ascertain the parties' intentions, and…consider each contract provision…in relation to all of the others, with a view toward giving effect to all and ignoring none." *Id.* (quoting *Jones v. ERA Brokers Consol.*, 6 P.3d 1129, 1131 (Utah 2000) (additional citations omitted)). Utah applies the "four corners" rule of contract interpretation, meaning the intent of the parties can be determined through the contract itself, so

---

[2] The parties agreed that Utah law would govern the MPA. Doc. No. 224-1 at PageID 5381. Accordingly, the Court will apply Utah law in its analysis of Dektrix's breach of contract claim.

4

long as the language within it is unambiguous. *Id.* at 1145 ("If the language within the four corners of the contract is unambiguous, the parties' intentions are determined from the plain meaning of the contractual language, and the contract may be interpreted as a matter of law") (citations omitted).

A contract is ambiguous if a "term or provision […] 'is capable of more than one reasonable interpretation because of uncertain meanings of terms, missing terms, or other facial deficiencies.'" *Id.* (quoting *SME Indus., Inc. v. Thompson, Ventulett, Stainback & Assocs., Inc.*, 28 P.3d 669, 675 (Utah 2001) (additional quotations omitted)). When such ambiguity is present, courts must look to the parties' intent to properly interpret the contract. *Id.* Although the presence or absence of ambiguity is a question of law, the intent of the parties is a question of fact. *Id.* (citing *Winegar v. Froerer Corp.*, 813 P.2d 104, 108 (Utah 1991); *SME Indus., Inc.*, 28 P.3d at 675 (additional citations omitted)). Under Utah law, "a motion for summary judgment may not be granted if a legal conclusion is reached that an ambiguity exists […] and there is a factual issue as to what the parties intended." *Faulkner v. Farnsworth*, 664 P.2d 1292, 1293 (Utah 1983) (citing *Grow v. Marwick Dev., Inc.*, 621 P.2d 1249, 1252 (Utah 1980)).

The relevant language of this breach of contract claim is Addendum B of the MPA. Addendum B states, in pertinent part:

> Whereas both parties are willing to preserve the original membership values and ratios as proposed above, the two parties hereby amend their agreement as follows, with this amendment superseding the terms of the two paragraphs "Sale of Preferred Membership Units" and "Option to Buy Additional Common Membership Units" in the December 5, 2016 signed agreement, with all other provisions of the above said agreement remaining in effect.

December 5, 2016 Agreement Modification

> Seller hereby grants Buyer an extension until March 1, 2017 for the Buyer to make an additional investment of $850,000.00 which upon receipt shall entitle Buyer to receive an additional 150,000 preferred membership units and shall enter said transaction in the organizational records and shall provide Buyer an authorized signed copy of the same. Should Buyer fail to complete this transaction by the specified date Buyer shall permanently forfeit the opportunity to purchase any additional membership units including any options granted Buyer herein, at the prices and terms specified in this agreement and further shall grant back Seller a 60 day option to repurchase the initial 70,000 membership units for an amount equal to that which the Buyer originally paid for those units plus accrued interest at 8% APR from the date the funds were first received. Seller further grants Buyer the right to purchase an additional 30,000 common membership units on or before May 1st[,] 2017 for the sum of $300,000.00[.]

Doc. No. 224-2 at PageID 5384. The Court finds this language ambiguous because more than one reasonable interpretation exists. While Addendum B contains the word "option," the plain language reads as if it could be either a binding contract or a mere option. *See id*. The Court, then, must look to the intentions of the parties. *See WebBank*, 54 P.3d at 1145. Here, the parties' contentions and supporting evidence are diametrically opposed. *See generally* Doc. Nos. 208, 224. The Court therefore finds a genuine dispute of material fact that is better resolved by a jury. Accordingly, Dektrix's motion for summary judgment as a cross-claimant (Doc. No. 208) is **DENIED**.

    **2. Defendants' Motion for Summary Judgment**

The Court has fully and carefully reviewed the record, briefs, and parties' arguments in this matter and finds there are genuine disputes of material fact regarding all remaining claims that cannot be resolved on summary judgment. The Court shall not enter "the jury box to consider the credibility of witnesses and evidence in resolving conflicts of material fact in disposing of the summary judgment motion[s]" here, considering that the jury has the best vantage point to decide these issues. *Flynt v. Brownfield, Bowen & Bally*, 882 F.2d 1048, 1053

(6th Cir. 1989) (Krupansky, J., dissenting). Defendants are thus not entitled to judgment as a matter of law.

## IV. Conclusion

Accordingly, the Court **DENIES** Cross-claimant's motion for summary judgment (Doc. No. 208). The Court also **DENIES** Defendants' motion for summary judgment (Doc. No. 210). Recognizing that discovery in this case ended in October 2023 and Plaintiff's motion to amend its complaint (Doc. No. 202) was filed after discovery closed, the Court **DENIES** Plaintiff's motion to amend (Doc. No. 202). Accordingly, the Court will not consider a breach of fiduciary duty claim. The Court **SCHEDULES** a telephone status conference for August 19, 2024 at 3:00 P.M. To join the Zoom Conference, counsel and participants shall call 1-646-828-7666. Three steps are then needed to log into the Zoom Conference: 1) enter the Meeting ID: 160 363 3497 and #; 2) Press # (again) to join as a participant; and 3) enter the Passcode: 098 663 and #. If any difficulty arises when calling into the Zoom conference, please call Judge Newman's Chambers at 937-512-1640.

**IT IS SO ORDERED.**

  August 5, 2024                                           s/Michael J. Newman
                                                                    Hon. Michael J. Newman
                                                                    United States District Judge