UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

AMERICAN POWER, LLC,

        Plaintiff,

vs.


DOUGLAS O. HARRIS, *et al.*,

        Defendants.

_____

DEKTRIX, LLC,

        Plaintiff,

v.

AMERICAN POWER, *et al.*,

        Defendants.

Case No. 3:17-cv-347
Case No. 3:21-cv-21

CONSOLIDATED

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) DENYING DEKTRIX, LLC'S MOTION TO EXCLUDE EXPERT TESTIMONY (Doc. No. 242); (2) DENYING DEKTRIX'S MOTION IN LIMINE WITHOUT PREJUDICE (Doc. No. 247); AND (3) CLARIFYING THAT THE PARTY MAY RENEW ITS MOTION *IN LIMINE* AT TRIAL**

---

This civil case is before the Court on two pretrial motions[1] filed by Dektrix, LLC ("Dektrix"): (1) a motion to exclude American Power, LLC's ("AMP") expert from testifying (Doc. No. 242); and (2) a motion *in limine* regarding prejudgment interest. Doc. No. 247. Both parties have issued their respective responses and replies to the motion to exclude. Doc. Nos. 244, 245. The parties also discussed these motions at the final pretrial conference on December 16,

---

[1] The jury trial is set to begin on January 13, 2025. Doc. No. 239.

2024.  There, AMP indicated it would not respond to Dektrix's motion *in limine.*  These matters are ripe for review.

## I.  BACKGROUND

The Court presumes the reader's familiarity with the facts of this case, given the late stage in litigation, but it encourages any unfamiliar reader to consult the summary judgment order issued on August 5, 2024 and the Court's previous Order and Entry (Doc. No. 43) for a full recitation of the underlying facts.  *See* Doc. No. 237; Doc. No. 71 at PageID 882-97.  Thus, the Court will only recite the facts necessary for addressing these motions.

AMP alleges: (1) violations of Section 10(b) of the Exchange Act and Rule 10(b)(5) promulgated thereunder; (2) violations of Section 20(a) of the Exchange Act; (3) violations of Section 15 of the Securities Act; (4) common law fraud; (5) breach of fiduciary duty; and (6) unjust enrichment.  Doc. No. 76 at PageID 988-98.  Dektrix, LLC has also filed a crossclaim against AMP and its principals, Adil Baguirov and Islom Shakhbandarov (collectively "AMP"), alleging breach of contract.  *See* Case No. 3:21-cv-21, Doc. No. 1.

## II.  DEKTRIX'S MOTION TO EXCLUDE EXPERT TESTIMONY

Dektrix presents two arguments in their motion to exclude expert testimony: (A) AMP failed to comply with Fed. R. Civ. P. 26; and (B) Fed. R. Evid. 702 and *Daubert* bars the expert's testimony.  *See* Doc. No. 242; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

### A.  Failure to Comply with Fed. R. Civ. P. 26

Dektrix seeks to exclude Randall S. Kuvin, CPA, ABV, CFF ("Mr. Kuvin")[2]  as an expert for failure to comply with the expert disclosure requirements under Fed. R. Civ. P. 26.  Doc. No. 242 at PageID 5785-87, 5790.

---

[2] Dektrix also mentions excluding the testimony of Terry L. Yoho.  Doc. No. 242 at PageID 5785-87, 5790. However, as AMP explained in response, AMP does not intend to use Terry L. Yoho—a former employee

Fed. R. Civ. P. 26(a)(2) requires a party to disclose experts, and if the party relies on the expert witness, the party must produce an expert report including the expert's "qualifications," "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition," information relied upon, and compensation for the study and testimony. Fed. R. Civ. P. 26(a)(2)(A)-(B).

The Court initially set an expert disclosure deadline of July 5, 2022. Doc. No. 101. The Court subsequently granted extensions, and the final disclosure deadline was December 5, 2022. *American Power, LLC v. Harris, et al.*, No. 3:17-cv-347 (S.D. Ohio Aug. 26, 2022) (Notation Order). On February 3, 2022, prior to mediation, AMP identified Mr. Kuvin as an expert and provided an expert report ("2022 Damages Study") that he conducted with Terry L. Yoho. Doc. No. 242-1 at PageID 5797.

Dektrix claims that AMP failed to comply with Rule 26 by not stating the opinions of each author of the damages study; not disclosing the compensation of the expert; failing to supplement the expert's list of testimony; and not supplementing the expert report. Doc. No. 242 at PageID 5786-89. In response, AMP disclosed Mr. Kuvin's compensation to opposing counsel, supplemented the expert's list of testimony, and shared an updated expert report that included a higher damages number (when actual numbers were used) than the original report. *See* Doc. No. 244-1. AMP provided Dektrix with this supplemental information on November 20, 2024. Doc. No. 244-1 at PageID 5845-48.

Fed. R. Civ. P. 37 bars a party from using information or a witness "to supply evidence on a motion, at a hearing, or at a trial" when the party fails to comply with Rule 26(a)'s requirements.

---

of the same firm as Mr. Kuvin—as an expert as she has since retired. Doc. No. 244 at PageID 5838-39. AMP had co-authors of their damages study because it knew Ms. Yoho planned to retire. *Id.* As such, the Court will not address this argument.

3

Fed. R. Civ. P. 37(c)(1).  "The exclusion of such evidence is 'automatic and mandatory' unless the offending party can show that its nondisclosure was substantially 'justified or harmless.'"  *RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659, 668 (6th Cir. 2024) (quoting *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn.,* 388 F.3d 976, 983 (6th Cir. 2004)).

Courts within the Sixth Circuit weigh five factors to determine whether a party's noncompliant disclosure was substantially justified or harmless:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015).  "District courts have broad discretion in applying these ["*Howe"*] factors and need not apply each one rigidly."  *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) ("The factors simply lend themselves to the task at the heart of Rule 37(c)(1): separating honest, harmless mistakes from the type of underhanded gamesmanship' that warrants the harsh remedy of exclusion") (citation and internal quotation marks omitted).  The Court will consider each of the five *Howe* factors.

First, Dektrix claims it would be surprised by which expert will testify, Mr. Kuvin or Ms. Yoho, or both.  Doc. No. 242 at PageID 5790.  Trial is about a month away, and testimony from Mr. Kuvin in AMP's case-in-chief may necessitate some adjustment's to Dektrix's trial strategy, but Dektrix should not have been surprised that Mr. Kuvin would testify as an expert because AMP provided the 2022 Damages Study in February 2022—well before the original disclosure deadline—and Dektrix could have deposed Mr. Kuvin, which it did not.  Doc. No. 101; Doc. No. 242-1; *see Univ. of Tenn. Rsch. Found. v. Caelum Biosciences, Inc.*, No. 3:19-CV-508, 2024 WL 4011957, at *4 (E.D. Tenn. Sept. 1, 2024) (finding no surprise where defendant had two expert's reports for more than a year).

4

Moreover, other non-Dektrix Defendants, who have since settled, retained their own expert, who prepared his report in 2023 (over a year before this motion) that responds to "the Damage Study for [AMP] written by Randall S. Kuvin, CPA of Flagel Huber Flagel on February 3, 2022"—and the expert referenced Mr. Kuvin alone.  Doc. No. 244-2 at PageID 5852.  Dektrix's attempt to recast this as a situation where AMP never provided an expert report, or that it had no idea who would testify, is misguided.  Doc. No. 242 at PageID 5790.  Instead, Dektrix should not have been surprised Mr. Kuvin would provide expert testimony on his 2022 Damages Study nor does Dektrix cite any case law suggesting surprise to a party occurred in analogous circumstances. Doc. No. 242 at PageID 5790.  Accordingly, this factor weighs in favor of allowing the testimony.

Next, the Court analyzes together the second and third *Howe* factors: the ability of the party to cure the surprise and the disruption on the trial.  *Howe*, 801 F.3d at 748.  As determined above, no surprise occurred regarding Mr. Kuvin's identification as Dektrix's expert.  However, assuming, *arguendo*, that some surprise arose, Dektrix emphasizes that AMP had not provided compensation, an update curriculum vitae ("CV"), and supplemental information in support of the 2022 Damages Report.  Doc. No. 242 at PageID 5786-89, 5790-91.  This emphasis is misplaced because AMP cured any surprise about Mr. Kuvin's compensation and CV on November 20, 2024 (almost two months before trial), which gives Dektrix sufficient time to prepare cross-examination on these two issues, if it so chooses.  Doc. No. 244-1 at PageID 5845-48; *see Howe*, 801 F.3d at 749 (finding that cross-examining witnesses about late disclosures during trial both provided an opportunity to remedy surprise and minimized impact on the trial).  Regarding the supplemented report on the damages AMP allegedly incurred after December 31, 2021, the Court agrees that AMP should have supplemented the 2022 Damages Study sooner, and if AMP had, it might have been able to recover higher damages.  Doc. No. 244-1 at PageID 5846, 5849.  As such, AMP may

5

use the 2022 Damages Study in connection with Mr. Kuvin's expert testimony but may not use the supplemental damages information AMP provided on November 20, 2024. *See id.*

Dektrix cites to *RJ Control Consultants, Inc.*, 100 F.4th at 669-70 to support their argument that the surprise cannot be cured and will result in disruption. Doc. No. 242 at PageID 5791. However, this case is distinguishable because the plaintiff in *RJ Control Consultants, Inc.* did not produce *any* report for their retained expert. *RJ Control Consultants, Inc.*, 100 F.4th at 668-69. That is not the case here. AMP retained an expert early in the case (as counsel emphasized in the pretrial conference), who produced an expert report (*i.e.*, the 2022 Damages Study). Consequently, Dektrix's reliance on *RJ Control Consultants, Inc.* is misguided. Accordingly, these two factors weigh in favor of AMP.

Next, the Court analyzes the fourth *Howe* factor by considering the importance of the evidence. *Howe*, 801 F.3d at 748. Courts often observe that "this factor can cut both ways." *Bisig*, 940 F.3d at 220. "The more important the proof, the greater the effect of preclusion, but also the greater the harm in tardy disclosure." *Id.* (citation and internal quotation marks omitted). As Dektrix even acknowledges, "[i]n a contract dispute where speculative lost profits are sought, expert testimony is helpful to aid the factfinder." Doc. No. 242 at PageID 5791. The Court agrees. The Court reiterates that the 2022 Damages report was not tardy. Doc. Nos. 242-1; 242-2. As such, and given the revealing damages information it contains, Mr. Kuvin's expert testimony on his 2022 Damages Study constitutes important evidence and, therefore, this *Howe* factor weighs in favor of permitting the testimony.

Finally, the Court considers the final *Howe* factor: the nondisclosing party's explanation for its failure to disclose the evidence. AMP acknowledges that it did not supplement its 2022 Damages Study, provide Mr. Kuvin's compensation, or update Mr. Kuvin's CV before the

6

discovery deadline. *See* Doc. No. 244 at PageID 5840. AMP does not offer a compelling explanation for its failure to comply with the Court's discovery deadlines. *See generally id.* AMP does acknowledge it has cured all three deficiencies two months before trial. *Id.* at PageID 5838, 5840. Yes, absent a compelling justification, AMP's failure to comply with the discover deadline weighs in favor of excluding Mr. Kuvin's testimony. *See Caelum Biosciences, Inc.*, 2024 WL 4011957, at *5 (finding *Howe*'s fifth factor favored exclusion of the evidence where plaintiff did not explain his failure to disclose).

In considering the *Howe* factors, the first, second, third, and fourth support permitting Mr. Kuvin to testify. Although the fifth factor favors exclusion, it does not overcome the other factors. Accordingly, the Court concludes AMP's late supplement was substantially justified or harmless, and Mr. Kuvin's expert testimony will be limited to his 2022 Damages Study rather than the more recently-supplemented report.

**B. Federal Rule of Evidence 702 and *Daubert***

Federal Rule of Evidence 702 governs the admission of expert witness testimony. Under this rule:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Supreme Court has stated that district court judges assume "a gatekeeping role" to ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597. Additionally, "the rejection of expert testimony is the exception rather than the rule," Fed. R. Evid. 702 cmt. 5, and a "trial judge is imbued with

discretion in determining whether or not a proposed expert's testimony is admissible." *Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426, 429 (6th Cir. 2007).   A district court "has 'considerable leeway in deciding . . . how to go about determining whether particular expert testimony is reliable.'" *United States v. Sanders*, 59 Fed. App'x 765, 767 (6th Cir. 2003) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

Expert testimony on lost profit damages is admissible if it is helpful to the trier of fact in understanding a damages claim.  *See Innovation Ventures, L.L.C. v. Custom Nutrition Lab'ys, L.L.C.*, 520 F.Supp.3d 872, 879-80 (E.D. Mich. 2021) (denying motion to exclude expert testimony where a damages expert "testif[ied] as to his calculations and methodology" regarding "how [the d]efendants' violative conduct in breaching their restrictive covenant affected Plaintiff's profits").  In addition, lost profits involve analyzing future time periods.  *Swierczynski v. Arnold Foods Co.*, 265 F.Supp.2d 802, 809-10 (E.D. Mich. 2003) (denying a motion to exclude and holding that applying a growth rate based on past performance for the determination of future lost profits was a well-accepted method to determine future lost profits).  Dektrix claims that the expert's testimony is not based on sufficient facts or data; the testimony is the not the product of reliable principles and methods; and the expert's testimony does not reflect a reliable application of the principles and methods.  Doc. No. 242 at PageID 5792-93.

Here, the Court finds that Mr. Kuvin's testimony is sufficiently reliable and relevant to the issue of damages to survive Dektrix's motion to exclude.  It appears that Mr. Kuvin's testimony includes independent analysis that would be helpful to the trier of fact in understanding the damages that AMP asserts.  Additionally, Dektrix's arguments regarding the reliability of Mr. Kuvin's testimony relate more to the weight and credibility that the trier of fact will give to Mr.

Kuvin's testimony rather than the reliability of his methodology.  Accordingly, Dektrix's motion to exclude the expert testimony is **DENIED**, and this evidence will not be excluded.

### III. DEKTRIX'S MOTION *IN LIMINE*

Dektrix filed a motion *in limine* regarding prejudgment interest (Doc. No. 247) to which American Power indicated at the pretrial conference that it would not respond.  The Court has fully reviewed and considered this motion.  The Court will defer a ruling on the motion and will rule on it as needed at trial.  The Court therefore **DENIES WITHOUT PREJUDICE** the motion with the understanding that counsel may renew its motion later.

### IV. CONCLUSION

The Court **DENIES** Dektrix motion to exclude expert testimony.  Doc. No. 242.  The Court **DENIES WITHOUT PREJUDICE** Dektrix's motion *in limine* regarding prejudgment interest.  Doc. No. 247.

**IT IS SO ORDERED.**

December 23, 2024                                     s/*Michael J. Newman*
                                                                     Hon. Michael J. Newman
                                                                     United States District Judge